UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV 07-2925 AHS |
| | ) | CR 97-562 AHS |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO VACATE, SET ASIDE |
| RAFAEL MAGALLON, | ) | OR CORRECT SENTENCE UNDER 28 |
| | ) | U.S.C. § 2255 |
| Defendant/Petitioner. | ) | |
| _____ | ) | |

**I.**

**PROCEDURAL BACKGROUND**

On September 29, 2005, Petitioner Rafael Magallon ("Petitioner") pleaded guilty to Count Two of a ten-count Indictment charging violations of 21 U.S.C. §§ 846 and 841(a)(1) (conspiracy to manufacture, to possess with intent to distribute, and to distribute methamphetamine).  Petitioner was sentenced on March 6, 2006.  On March 16, 2006, Petitioner filed a Notice of Appeal.  On November 13, 2006, Petitioner's motion for voluntary dismissal of the appeal was granted, and the appeal was dismissed.

On May 3, 2007, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  The

1  Court set a briefing schedule on May 18, 2007.  On June 29, 2007,
2  Petitioner filed a supplement to the motion.  On October 30, 2007,
3  the government filed opposition.  Petitioner filed a
4  traverse/responding brief on December 21, 2007.

5        Based on the arguments and authorities in the parties'
6  papers and the Court's independent research, and having reviewed
7  petitioner's Pre-Sentence Report and the sentencing papers, the
8  Court denies Petitioner's § 2255 motion.

9                                **II.**

10                            **DISCUSSION**

11 **A.**        **Legal Standard**

12        To prevail on a claim of ineffective assistance of
13 counsel, a defendant must show that, considering all of the
14 circumstances:  (1) trial counsel's performance fell below an
15 objective standard of reasonableness; and (2) the ineffective
16 performance prejudiced defendant, that is, that there is a
17 reasonable probability that, but for counsel's errors, the result
18 of the proceeding would have been different.  A reasonable
19 probability is a probability sufficient to undermine confidence in
20 the outcome.  See Strickland v. Washington, 466 U.S. 668, 687-95,
21 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); United States v.
22 Cochrane, 985 F.2d 1027 (9th Cir. 1993).

23        The reasonableness of counsel's performance is measured
24 "under prevailing professional norms." Strickland, 466 U.S. at
25 688.  The second prong requires a showing that counsel's deficient
26 performance resulted in actual prejudice to defendant; that is,
27 defendant must show counsel acted unprofessionally with "a
28 probability sufficient to undermine confidence in the outcome."

1  See id. at 687, 694; Wiggins v. Smith, 539 U.S. 510, 518, 123 S.

2  Ct. 2527, 156 L. Ed. 2d 471 (2003). Counsel's performance is to be

3  evaluated in light of all of the circumstances at the time of the

4  alleged error. See United States v. Molina, 934 F.2d 1440, 1447

5  (9th Cir. 1991). In evaluating claims of ineffective assistance of

6  counsel, there is a strong presumption that counsel performed

7  adequately. Strickland, 466 U.S. at 689.

8  **B.        Failure to Investigate**

9         Petitioner claims denial of effective assistance by his

10 counsel by failing to properly investigate and present the critical

11 nature of Petitioner's physical impairments. Had the Court been

12 presented with a full understanding of the extent of Petitioner's

13 ailments and needs, it would have granted a downward departure

14 pursuant to U.S.S.G. § 5H1.4 and/or an adjustment pursuant to 18

15 U.S.C. § 3553(a). (Mot. at 8.) Specifically, Petitioner argues

16 that effective counsel would have obtained and presented

17 Petitioner's medical records, including an expert review and a

18 summary of physical impairments. (Id. at 8-9.) Petitioner contends

19 that the extensive and expensive medical care he needs is more

20 likely available in a community setting than in a prison. (Mot. at

21 15.) Moreover, competent counsel would have presented testimony

22 regarding petitioner's extraordinary physical impairments. (Mot.

23 at 17.)

24        The Court does not, after evaluating counsel's

25 performance in light of all of the circumstances at the time of the

26 alleged error, conclude that Petitioner's counsel conducted an

27 insufficient investigation of Petitioner's health. Trial counsel

28 asked Petitioner about his health condition and asked him to

1  provide letters from his primary physician and any other medical

2  specialists. (Declaration of Ken K. Behzadi ("Behzadi Decl.") ¶

3  3.) Petitioner provided a letter from his primary care physician

4  indicating he "has a history of type 1 diabetes, hypertension, and

5  elevated cholesterol . . . [and] was recently diagnosed with a

6  kidney disorder" and was scheduled for further testing and

7  consultation with a specialist. (Mot. Ex. C.) This letter was

8  provided to the Court immediately before the sentencing hearing and

9  acknowledged by the Court. (Mot. Ex. A, p. 25.)

10      Petitioner's contention regarding adequate investigation

11  does not succeed because Petitioner does not show that his

12  condition constituted an extraordinary physical impairment at the

13  time of sentencing. See United States v. Martinez-Guerrero, 987

14  F.2d 618, 620 (9th Cir. 1992) (refusing downward departure where

15  the prison can accommodate the impairment). Petitioner offers no

16  evidence that at the time of sentencing Petitioner was suffering

17  from renal failure or that Petitioner's illnesses made him

18  "seriously infirm" such that departure based on physical condition

19  would be likely. U.S.S.G. § 5H1.4. Accordingly, Petitioner does

20  not show that he was prejudiced by counsel's failure to conduct

21  additional investigation. See Strickland, 466 U.S. at 694; Shah v.

22  United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (stating that

23  failure to raise a meritless legal argument does not constitute

24  ineffective assistance of counsel).

25  **C.      Downward Departure or Sentencing Variance**

26      Petitioner also asserts effective counsel would have

27  argued other *Booker* factors including his age and status as a

28  first-time offender who "had learned his lesson and was adequately

deterred by the experience of the criminal case." (Mot. at pp. 14, 15.) Petitioner believes such information would have merited a non-custodial sentence or significantly lower sentence. (Mot. at pp. 11, 14.)

The Court's ruling at the sentencing hearing and trial counsel's advocacy at sentencing contradict Petitioner's allegation that his counsel failed to request a lesser sentence based on criminal and personal history. Specifically, both the Court's ruling and counsel's arguments indicate that Petitioner requested a downward departure for "aberrant behavior" in light of the fact that (1) this was his first conviction; (2) the crime was committed seven years earlier; and (3) his work history. (See Mot. Ex. A, pp. 26-7.)

While a motion for departure under U.S.S.G. § 5H1.4 was not made, Petitioner's counsel ensured that information regarding Petitioner's poor health was before the Court during sentencing. Petitioner's position on sentencing pointed out that Petitioner "suffer[s] from a variety of serious illnesses including diabetes, high blood pressure, and kidney complications . . ." (Opp. at 27.) In asking for a downward departure, the position on sentencing also requested the Court "consider his non-existent criminal record, before this case . . . and the fact that he has numerous serious illnesses." (Id.) At sentencing, Petitioner's counsel verbally reiterated petitioner's "lack of criminal history" and "numerous serious illnesses" in support of the request for downward departure. (Mot. Exh. A, p. 27.)

The Court noted in its ruling that Petitioner requested a downward departure to reflect the impact of his incarceration on

his family, his having no criminal history but having a steady job, and his numerous illnesses.  (Ruling at 3.)

The Court's tentative ruling and statements at sentencing suggest that, despite arguments in support of a downward departure, sentencing variance, or other bases for a lesser sentence, the Court found Petitioner's actions following the offense and his role in the offense justified no further reductions or adjustments.  In making its ruling, the Court noted it took "into account that defendant left the country after committing his offense and avoided punishment for years."  (Ruling at 4.)  At sentencing the Court noted Petitioner's role "as an insider at the airport" "was fairly critical to help achieve the goals of the conspiracy."  (Mot. Ex. A, p. 32.)  The Court concluded that while 70 months "is a significant sentence," "it is a fair and just sentence under all the circumstances."  (Mot. Ex. A, p. 32.)

### III.

### CONCLUSION

The Court concludes that the motion is appropriate for decision without an evidentiary hearing.  A district court may deny a § 2255 motion without holding an evidentiary hearing when the record clearly establishes that the Petitioner is not entitled to relief or that the motion presents no more than allegations unsupported by the facts or refuted by the record.  United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

Having reviewed the parties' papers and the exhibits in question, the Court finds that Petitioner does not establish that his trial counsel provided him with ineffective representation resulting in prejudice.  Petitioner's allegations are refuted by

the record.

        For the foregoing reasons, the Court denies petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

        IT IS SO ORDERED.

        IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.

        DATED:  May 9, 2008.

                                    **ALICEMARIE H. STOTLER**
                                    ALICEMARIE H. STOTLER
                                    CHIEF U.S. DISTRICT JUDGE